UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE VALENCIA,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 1:19-cv-00295-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant Cindy Lee Valencia seeks judicial review of a denial by the Social Security Administration ("SSA") of her application for disability insurance benefits.[1] ECF No. 13. She alleges that the SSA Administrative Law Judge ("ALJ") erred in failing to resolve an apparent conflict between testimony of a vocational expert ("VE") about jobs she could perform and the requirements of those jobs as defined in SSA's Dictionary of Occupational Titles ("DOT"). We heard argument on February 19, 2020.[2] Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we affirm the decision of the ALJ.

At a November 1, 2017 administrative hearing, the ALJ asked the VE what jobs claimant

---

[1] The parties have consented to entry of final judgment by a U.S. Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit.

[2] Both parties were represented by counsel at the hearing.

1

could perform, considering her residual functional capacity. AR 71-75. The VE named three jobs—information clerk, parking attendant, and survey worker. AR 73, 75. On appeal, claimant points out that the DOT defines each of these jobs to include frequent reaching. She argues that there is a conflict between the jobs as defined by the DOT and claimant's residual functional capacity ("RFC")—according to which claimant "is limited to occasionally reaching overhead and occasionally reaching over the shoulder with the right upper extremity." AR 20. Given what claimant sees as an apparent conflict, she argues that the ALJ had a duty to inquire further of the VE to see whether the conflict could be resolved.

"When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, *available at* 2000 WL 1898704, at *2. The question we face is whether there is an "apparent unresolved conflict" here.

Some degree of conflict is at least possible in this case: there are two specific types of reaching—reaching overhead with either arm and reaching over the shoulder with the right arm—that, according to claimant's RFC, she cannot perform "frequently." The DOT job descriptions, meanwhile, require frequent "reaching"—though not necessarily reaching overhead or reaching over the shoulder with the right arm.

Each party analogizes this case to a case decided recently by the Ninth Circuit. Claimant argues that this case is like *Lamear v. Berryhill*, in which the Court of Appeals found there to be an apparent conflict between DOT definitions requiring frequent "handling," "fingering," and "reaching" and the claimant's RFC, according to which the claimant could only occasionally reach overhead with the left extremity and could only occasionally "handle, finger and feel" with the left hand. 865 F.3d 1201, 1204 (9th Cir. 2017). Defendant analogizes this case to *Gutierrez v. Colvin*, in which the Court of Appeals found no apparent conflict between the job of cashier, defined by the DOT to include frequent reaching, and the claimant's RFC, according to which the claimant could not reach overhead with her right arm. 844 F.3d 804, 807 (9th Cir. 2016).

Although it is a close call, we conclude that defendant has the better of the argument.

2

The potential discrepancy here is more closely analogous to that in *Gutierrez*, which, like this case, involved an RFC that barred frequent reaching and a claimant with limitations in reaching overhead on one side. The potential discrepancy in *Lamear*, though not far off from the facts at hand, did involve the additional complexity of limitations in the RFC on handling and fingering—in addition to reaching—which increased the potential for conflict with the DOT. Furthermore, in *Lamear*, the Court of Appeals looked to the DOT's longer, narrative descriptions of the relevant jobs, which the court found to "strongly suggest that it is likely and foreseeable that using both hands"—something that the claimant could not do—"would be necessary to perform 'essential, integral, or expected' tasks in an acceptable and efficient manner." 865 F.3d at 1205 (quoting *Gutierrez*, 844 F.3d at 808). Here, claimant has neither identified statements in the narrative job descriptions that are relevant nor otherwise identified a basis to conclude that we have here the degree of conflict that the Court of Appeals identified in *Lamear*. Although there is a *possibility* of conflict between the DOT definitions and the VE's testimony, we see nothing here that "strongly suggests" a conflict, and so we find no "apparent" conflict. Accordingly, we find no error in the ALJ's failure to inquire about the potential discrepancy between claimant's RFC and the DOT.[3]

For the reasons stated in this order and on the record at oral argument, we deny claimant's appeal from the administrative decision of the Commissioner of Social Security. The clerk of court is directed to enter judgment in favor of defendant and against claimant Cindy Lee Valencia and to close this case.

---

[3] At the hearing before the ALJ, the ALJ asked the VE whether his testimony was consistent with the DOT, and the VE answered that it was. AR 76-77. Had there been an apparent conflict with the DOT, this general inquiry by the ALJ would not itself have been enough to satisfy the ALJ's duty to inquire about the conflict. *See Lamear*, 865 F.3d at 1205 ("The ALJ is not absolved of this duty [to reconcile conflicts] merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT" (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014).).

3

IT IS SO ORDERED.

Dated:     February 19, 2020                                    /s/ Jeremy Peterson
                                                              UNITED STATES MAGISTRATE JUDGE

No. 200.